# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | | |
|---|---|---|
| **CARLY RODEWALD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-06350-SI |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Rory Linerud, Linerud Law Firm, P.O. Box 1105, Salem, Oregon 97308. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; David Morado, Regional Chief Counsel, Region X, and L. Jamala Edwards, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/X 221A, Seattle, Washington 98104. Attorneys for Defendant.

**SIMON, District Judge.**

Plaintiff Carly Rodewald seeks judicial review of the final decision of the Commissioner

of the Social Security Administration ("Commissioner") finding her not disabled and denying

her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security

Act. The Court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the

Commissioner's decision is AFFIRMED.

## I.    BACKGROUND

**A.    The Plaintiff**

Ms. Rodewald was born in 1984. Tr. 90. She has a GED. Tr. 30. She applied for benefits

on June 17, 2008, alleging disability since April 1, 2001, due to obesity, degenerative disc

disease of the lumbar spine status post discectomy, and psychological disorders.  Tr. 15. The

Commissioner denied Ms. Rodewald's application initially and upon reconsideration. Tr. 13. An

Administrative Law Judge ("ALJ") held a hearing on September 28, 2010. *Id.* On October 18,

2010, the ALJ found Ms. Rodewald not disabled. Tr. 20.

**B.    The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  Each step is potentially

dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series

of questions:

1.    Is the claimant performing "substantial gainful activity?"  20 C.F.R.
      § 416.920(a)(4)(i). This activity is work involving significant mental or
      physical duties done or intended to be done for pay or profit.  20 C.F.R.
      § 416.910. If the claimant is performing such work, she is not disabled
      within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the
      claimant is not performing substantial gainful activity, the analysis
      proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
      regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in
      death, an impairment is "severe" if it significantly limits the claimant's
      physical or mental ability to do basic work activities.  20 C.F.R.
      § 416.921(a). This impairment must have lasted or must be expected to
      last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If
      the claimant does not have a severe impairment, the analysis ends. 20
      C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the
      analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the
      impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
      then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the
      impairment does not meet or equal one or more of the listed impairments,
      the analysis proceeds beyond step three. At that point, the ALJ must
      evaluate medical and other relevant evidence to assess and determine the
      claimant's "residual functional capacity" ("RFC"). This is an assessment
      of work-related activities that the claimant may still perform on a regular
      and continuing basis, despite any limitations imposed by his or her
      impairments. 20 C.F.R. § 416.920(e). After the ALJ determines the
      claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC
      assessment? If so, then the claimant is not disabled. 20 C.F.R.
      § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant
      work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience,
      is the claimant able to make an adjustment to other work that exists in
      significant numbers in the national economy? If so, then the claimant is
      not disabled. § 416.920(a)(4)(v); 416.960(c). If the claimant cannot
      perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C.    The ALJ's Decision

At step one, the ALJ found that Ms. Rodewald was not performing substantial gainful activity. Tr. 15. At step two, the ALJ found that Ms. Rodewald had the severe impairments of obesity and degenerative disc disease of the lumbar spine, status post discectomy. *Id.* At step three, the ALJ concluded that the impairments did not meet or equal impairments listed in the Commissioner's regulations, Tr. 16, and that Ms. Rodewald retained the RFC to perform a range of medium work except that her back condition and obesity limited her to no more than six hours of sitting, standing, or walking in an eight-hour day. Tr. 17. The ALJ also found that Ms. Rodewald could perform tasks involving occasional pushing and pulling of up to 50 pounds and frequent pushing and pulling of up to 25 pounds. *Id.* In making this RFC determination, the

ALJ found Ms. Rodewald's testimony concerning her symptoms not credible because it was inconsistent with her activities of daily living, which included the ability to care for herself and her seven-month old child independently. At step five, the ALJ found that Ms. Rodewald had the RFC to perform past relevant work as a sandwich maker, fast food worker, busser, motel maid, prep cook, and retail salesperson. Tr. 19. The ALJ identified these jobs on the basis of a vocational expert's testimony. *Id.* Accordingly, the ALJ found Ms. Rodewald not disabled. Tr. 20.

## II.      STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226–26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III.    DISCUSSION

Ms. Rodewald asserts that the ALJ erred by:  (1) finding that she could perform her past work, despite evidence that the past work did not consist of substantial gainful activity ("SGA"); (2) failing to consider the effect of Ms. Rodewald's obesity on her ability to work; and (3) improperly rejecting the testimony of Ms. Rodewald's mother.

**A.    The ALJ's Findings at Steps Four and Five**

Ms. Rodewald asserts that the ALJ's conclusion at step four that she could perform her past work was erroneous because her past jobs were not performed at SGA levels. The ALJ, however, continued the sequential analysis to step five. At step five, the Commissioner must prove that the claimant can engage in *some type* of SGA that exists in significant numbers in the national economy. *Yuckert,* 482 U.S. at 141-42 (emphasis added).The step five analysis requires only assessment of the medical evidence, the claimant's daily activities, prior work record, functional restrictions and limitations, medication and other treatment for relief of symptoms, and evidence from physicians and third parties.  20 C.F.R. §§ 404.1529, 416.929.  To meet the Commissioner's burden at step five, the ALJ propounds to the VE a hypothetical question that is based on medical assumptions supported by substantial evidence in the record and reflects all the claimant's limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001)**.**  By responding to the ALJ's hypothetical, the VE testifies as to:  (1) what jobs the claimant would be able to

perform; and (2) the availability of such jobs in the national economy.  If there are significant

numbers of jobs either in the region where the claimant lives or in several other regions of the

country, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966; *Burkhart v. Bowen*, 856

F.2d 1335, 1340 (9th Cir. 1988).

**B.      The ALJ's Consideration of Plaintiff's Obesity**

Ms. Rodewald contends that the ALJ erred by failing to make findings on how her

obesity affected her ability to work. The ALJ made findings that Ms. Rodewald's obesity was a

severe impairment, and the ALJ's RFC findings were based on Ms. Rodewald's "residual back

pain attributable to her back condition and obesity." Tr. 17. The ALJ's RFC findings were also

supported by the absence of medical evidence substantiating Ms. Rodewald's claim that her left

leg was "80% paralyzed" or otherwise indicating complications from the discectomy in

August 2002, Tr. 17; the absence of any medical records at all between August 2002 and

April 2007, Tr. 18; the evidence that Ms. Rodewald relied only on over the counter medications

for pain relief, *id.*; and a September 2008 report by physician Michael Henderson, D.O., finding

no medical impairment in her upper or lower extremities and no limitations in walking or lifting

weight. *Id.*

Further, the evidence in the record does not establish that obesity exacerbated Ms.

Rodewald's impairments beyond the ALJ's finding. *See Burch*, 400 F.3d at 682. The ALJ further

supported his RFC assessment with an adverse credibility finding based on Ms. Rodewald's

ability to continue working for six and a half years after her alleged onset date, Tr. 17, and her

ability to care for her infant daughter independently, Tr. 18. The ALJ's findings with respect to

Ms. Rodewald's obesity are based on substantial evidence in the record and free of legal error.

**C.**     **The ALJ's Consideration of the Statements from Ms. Rodewald's Mother**

Ms. Rodewald also asserts that the ALJ improperly disregarded the statements of Plaintiff's mother, Jeri Rodewald, made on July 18, 2008. Jeri Rodewald explained that that Plaintiff was extremely limited in her ability to walk, stand, and sit, and that she needed to alternate positions every 15-30 minutes. Tr. 140. The ALJ is not required to accept the testimony of a third party, but the ALJ must give specific reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *but see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (upholding ALJ's rejection of claimant's ex-girlfriend's testimony in part because her close relationship with claimant and desire to help him influenced her).

The ALJ's findings show that the ALJ did consider Jeri Rodewald's statements in their entirety and the ALJ gave them "partial weight;" the ALJ he accepted the testimony that Plaintiff was able to prepare complete meals with several courses and perform household chores, including dusting, washing dishes, doing laundry, and watering flowers. Tr. 19. The ALJ rejected Jeri Rodewald's statement that her daughter's movements were "extremely limited," and the ALJ based that conclusion on the medical evidence. Although the ALJ did not provide a specific citation to the medical evidence on this point, the ALJ did cite the September 2008 report from Michael Henderson, D.O., finding "excessive pain behaviors" on examination and no medical impairment from Ms. Rodewald's back or hips; Dr. Henderson concluded that no medical impairment would preclude Ms. Rodewald from sitting or standing for a full work day. Tr. 217.

///

///

///

## IV.    CONCLUSION

The ALJ's decision is based upon substantial evidence in the record and the correct legal

standards.  The ALJ's decision therefore is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of January, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
